IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GAYLON S. JONES ,        )<br>                                                       )<br>            **Plaintiff,**         )<br>                                                       )<br>vs.                                                   )<br>                                                       )   Case No.  CIV-04-1558-F<br>JO ANNE B. BARNHART,     )<br>**Commissioner of the Social**    )<br>**Security Administration,**       )<br>                                                       )<br>            **Defendant.**        ) | |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings.**

## PROCEDURAL HISTORY

On October 24, 2002, Plaintiff protectively filed her application for SSI alleging a disability since February 1, 2002 (TR. 44, 45-47). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 21, 22).  Pursuant to the Plaintiff's request, a hearing de novo was held before an administrative law judge (ALJ) on January 27, 2004 (TR. 154-177). The Plaintiff appeared in person and with her attorney and offered testimony in support of the application (TR. 157-173).  A vocational expert (VE) testified at the request of the ALJ (TR. 5174-176). The ALJ issued his decision on May 18, 2004 finding that Plaintiff was not entitled to

SSI (TR. 14-17). The Appeals Council denied the Plaintiff's request for review on September 21, 2004, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 4-6).

## STANDARD OF REVIEW

The Tenth Circuit case of Casias v. Secretary of Health & Human Services, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (citations omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (citations omitted). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (citations omitted). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (citations omitted). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (citations omitted).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992) (citations omitted).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 16). At step two, the ALJ concluded that the Plaintiff suffers from severe impairments due to lumbar disc disease (TR. 16). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 22). At step four, the ALJ found that

Plaintiff retained the residual functional capacity (RFC) to perform her past relevant work (PRW) (TR. 17). Thus, at step four of the sequential evaluation process the ALJ determined that the Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to SSI (TR. 17).

On appeal to this Court, Plaintiff alleges that the ALJ (I) erred in determining that Plaintiff did not meet a Listing; (II) erred by making an improper credibility assessment; and (III) erred in assessing Plaintiff's RFC.

## Medical Evidence

In January 2002 Plaintiff was examined by Bob Elliot, D.O., who found that Plaintiff's lumbar spine showed slight tenderness in the lower lumbar musculature and the left buttocks; that range of motion was decreased in all planes; that straight leg raising was positive on the left at 45 degrees; that reflexes were 2+/4 bilaterally and; and that her sensory examination was normal (TR. 104). Dr. Elliot's diagnosis was of low back pain with left leg radiculopathy and a herniated L4-5 disk (TR. 104).

Michael A. Pollack, M.D., reviewed a May 2002 MRI of Plaintiff's lumbar spine and his impression was of mild diffuse disc bulging at L4-5 with left posterolateral outer annular fissuring, contributing with mild facet degeneration and ligamentum flavum thickening to mild central stenosis, mild to moderate left greater than right lateral recess stenosis with possible mild impingement on the L5 nerve roots and mild left foraminal narrowing (TR. 112). Dr. Pollack also stated that Plaintiff had disc degeneration and minimal to mild diffuse bulging with annular fissuring at the L2-3, L3-4 levels with minimal degenerative disc disease at L5-S1 (TR. 112).

Also in May 2002 Plaintiff was examined by Richard V. Smith, M.D. (neurosurgeon), who reported that Plaintiff had no sensory deficits but did have "subtle left hip flexor weakness" (TR. 118). Dr. Smith's impression was of diffuse lumbar spondylitic degenerative disk disease resulting

in chronic diskogenic low back and diskogenic lower extremity pain, worse on the left than the right (Tr. 118). Dr. Smith recommended surgery but Plaintiff elected to avoid surgery and return to work (TR. 116).  Dr. Smith then recommended a permanent 25-30 pound occasional, non-reaching weight restriction be applied along with avoidance of repetitious bending, stooping, crawling, twisting, and climbing (TR. 116).

Physical Residual Functional Capacity Assessments completed by agency physicians in February and March 2003 concluded that Plaintiff was able to occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, and sit, stand and/or walk for a total of about six hours in an eight hour workday; but that Plaintiff could stoop only occasionally (TR. 128, 136, 129, 137).  Agency physicians further concluded that Plaintiff had no other exertional, postural, manipulative, visual, communicative, or environmental limitations (TR. 128-134, 136-142).

At the hearing Plaintiff testified that she had constant lower back and left leg pain with numbness or tingling (TR. 162-165).  Plaintiff also testified that she could stand for only 15 or 20 minutes at a time; that she could sit for about 30 minutes at a time; and that squatting was difficult for because her legs would become numb (TR. 169, 171). Plaintiff further testified that her daily routine included fixing meals and doing light housework (TR. 172).

# I.

Plaintiff argues that she meets or equals the listing of impairments at Section 1.04A[1]

---

[1] ***Disorders of the spine*** (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:    **A.** Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or   **B.** Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;or   **C.** Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

(Disorders of the Spine) (See Plaintiff's Brief at p. 7-9).  At step three of the sequential evaluation process, a claimant's impairment is compared to the Listings (20 C.F.R. Pt. 404, Subpt. P, App. 1). If the impairment is equal or medically equivalent to an impairment in the Listings, the claimant is presumed disabled.  A plaintiff has the burden of proving that a Listing has been equaled or met. Bowen v. Yuckert, 482 U.S. at 140-42 (1987); Williams v. Bowen, 844 F.2d at 750-51 (10th Cir. 1988).  In his decision, the ALJ is "required to discuss the evidence and explain why he found that [the claimant] was not disabled at step three."  Clifton v. Chater, 79 F.3d 1007 (10th Cir. 1996).

It is apparent from the ALJ's decision that he failed in his duty to discuss the evidence and explain why he found that Plaintiff was not disabled at step three.  Clifton at 1008.  The ALJ offers only a conclusory statement that Plaintiff's impairment "does not meet or equal the level of severity of any impairment listed in Appendix 1, Subpart P, of Regulations No. 4" (TR. 14, 16). The ALJ's meager discussion of the evidence is wholly inadequate.

In Clifton the ALJ did not discuss the evidence or his reasons for determining that the claimant was not disabled at step three, or even identify the relevant listing. The ALJ merely stated a summary conclusion that the claimant's impairments did not meet or equal any listed impairment. The ALJ failed to discuss why the elements of the appropriate listing were not met in this case and further failed to identify the listing (TR. 31).  In short, the ALJ in this case made the same type of summary conclusion as the ALJ in Clifton.  In Clifton, the Tenth Circuit held that such a bare conclusion was beyond any meaningful judicial review.  Clifton at 1009.

In particular, the Tenth Circuit held as follows:

> Under the Social Security Act,
>
> > [t]he Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter.  Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part

> unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.
>
> 42 U.S.C. 405(b)(1). . . .
>
> This statutory requirement fits hand in glove with our standard of review. By congressional design, as well as by administrative due process standards, this court should not properly engage in the task of weighing evidence in cases before the Social Security Administration. 42 U.S.C. 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). . . . Rather, we review the [Commissioner's] decision only to determine whether his factual findings are supported by substantial evidence and whether she applied the correct legal standards. . .
>
> In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion that [the claimant's] impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that conclusion. The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence. . . . Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects. . . . Therefore, the case must be remanded for the ALJ to set out his specific findings and his reasons for accepting or rejecting evidence at step three.

Clifton, at 1009-10 (internal case citations omitted).

The undersigned wishes to make it clear, however, that he is in no way expressing an opinion as to whether Plaintiff actually meets or equals Listing 1.04A. Rather, the undersigned is simply recommending that this case be remanded so that the ALJ can adequately discuss his conclusions in connection with Listing 1.04A. Only then can this Court review the ALJ's decision in connection with the relevant listing.

## II.

Plaintiff argues on appeal that the ALJ erred in evaluating her credibility (See Plaintiff's Brief at p. 10-12).  The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529(c) , 416.929 and SSR 96-7p, and were addressed by the Tenth Circuit Court of Appeals in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence.  Id. at 163.  Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain.  "The impairment or abnormality must be one which `could reasonably be expected to produce' the alleged pain."  Id.  Third, the decision maker, considering all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

Id. at 164.  In assessing the credibility of a claimant's complaints of pain, the following factors may be considered.

> [T]he levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Hargis v. Sullivan, 945 F.2d 1482, 1488 (10th Cir. 1991).  See also Luna, 834 F.2d at 165 ("The Secretary has also noted several factors for consideration including the claimant's daily activities, and the dosage, effectiveness, and side effects of medication.").

In Kepler v. Chater, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an ALJ must discuss a Plaintiff's complaints of pain, in accordance with Luna, and provide the

reasoning which supports the decision as opposed to mere conclusions. Id. at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

Id. at 391. Kepler does not require a formalistic factor-by-factor recitation of the evidence. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of Kepler are satisfied. Id at 1372.

The ALJ's analysis of Plaintiff's credibility is wholly inadequate. The ALJ failed to discuss the effectiveness of Plaintiff's medication or Plaintiff's daily activities. The ALJ further failed under Kepler to provide his reasoning as to why Plaintiff's complaints of pain were not entirely credible.

The ALJ's credibility analysis is insufficient under Luna and Kepler and this serves to taint the ALJ's conclusions as to Plaintiff's RFC. On remand, the Secretary should analyze Plaintiff's credibility in accordance with Luna and Kepler, making express findings and citing specific evidence in the record which relates to Plaintiff's complaints of pain and the weight given by the ALJ to such complaints.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a

judgment of the district court based upon these findings and recommendation. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE